CROOKER SHOE COMPANY, Respondent, v. FRY, Appellant.

St. Louis Court of Appeals, January 19, 1904.

1. JUSTICES OF THE PEACE: Default: Setting Aside Judgment. Under Section 3939, Revised Statutes of 1899, a justice of the peace has no power to set aside a judgment by default except at the instance of the defendant or his agent; he can not set it aside at the instance of the plaintiff.

2. ———: ———: Collateral Attack: Insufficient Service. A judgment by default, rendered by a justice of the peace upon service within and less than the period provided by law, is not subject to collateral attack for insufficiency of service.

Appeal from Louisiana Court of Common Pleas.—*Hon. D. H. Eby*, Judge.

REVERSED.

*Ball & Sparrow* for appellant.

(1) The first question to be solved is, is the judgment so rendered by said justice void or voidable. 1 Black on Judgments, sec. 170; Leonard v. Sparks, 117 Mo. 103 and authorities cited; Westmeyer v. Gallenkamp, 154 Mo. 28. From the foregoing authorities the condition is, that the judgment rendered by said justice was, and is, good until defendant takes the proper legal steps to have it set aside. (2) But as a matter of fact the said justice did attempt to declare the judgment, at the instance of plaintiff a nullity. The question presents itself at once, what legal authority did the justice have for so doing. The justice court being purely a statutory court its authority must be found in the statutes, or the act of the justice is a nullity. A justice of the peace can only set aside a judgment in two cases—nonsuit and default. R. S. 1899, sec. 3969; Langford v. City of Doniphan, 61 Mo. App. 288; State ex rel. v. Hopper, 72 Mo. App. 171. (3) If the judgment rendered as above stated is only voidable and not void, then the justice acquired no jurisdiction in the second suit, and on appeal the appellate court acquired none. Leith v. Shingleton, 42 Mo. App. 449. (4) The second suit being between the same parties and the same subject-matter as the first, can not be again heard, because the same has been adjudicated. Murphy v. D. Franer, 101 Mo. 151; State ex rel. v. Caste, 36 Mo. 437; Henry v. Woods, 77 Mo. 277; Mason v. Summers, 24 Mo. App. 174.

*E. E. Campbell* for respondent.

(1)   It is conceded that the judgment rendered by the justice of the peace in this cause April 9, 1903, was a judgment by default; therefore the cases cited by respondent on this point do not apply as in both Langford v. City of Doniphan, 61 Mo. App. 288, and State ex rel. Shenault v. Hopper, 72 Mo. App. 171, there were appearances on the part of defendant.   Both these cases and others hold that in such cases as the one at bar, the essential requirement is that it must be a default judgment before the justice has power to set it aside.   Borgwald v. Fleming, 69 Mo. 212; Leith v. Shingleton, 42 Mo. App. 449.   (2)   The irregularity as to time of service was good cause for the justice setting aside the judgment by default.   The want of adherence to some prescribed rule will warrant the setting aside of a judgment.   Woodward v. Woodward, 84 Mo. App. 328; Reid . Bros. v. R. D. O. Nicholson, 93 Ill. App. 29.

REYBURN, J.—On April 10, 1903, plaintiff, respondent herein, brought an action upon an account against defendant, appellant herein, before a justice of the peace in Pike county, and recovered judgment by default from which an appeal was taken to the Louisiana court of common pleas.   Upon trial anew, appellant admitted the correctness of the account sued on, but interposed as his defense the plea of former adjudication, and substantiated it by establishing that on March 31, 1903, respondent instituted an action against him before the same magistrate on the same account, and the summons issued and service was had on that date, made returnable April 9, 1903, when the justice rendered judgment by default for the amount asked. On April 10th the justice, at request of plaintiff, set aside the judgment as invalid for want of proper service, and the respondent instituted the second action

above detailed. From judgment for plaintiff in the court of common pleas, defendant has appealed.

The justice's court being of statutory origin, was circumscribed and confined within the bounds of the provisions of the statute, and could not transcend the powers and authority thereby conferred. Section 3969, R. S. 1899, prescribes when and in what manner a justice shall have power to set aside a judgment by default. The action of the justice in setting aside the first judgment was not empowered by the statute and was without jurisdiction and the judgment remained in full force. The statute authorized this judgment to be set aside by the justice at instance of defendant or his agent but not otherwise.

In Leonard v. Sparks, 117 Mo. 103, the Supreme Court in an exhaustive opinion arraying the conflicting authorities in this State and other jurisdictions, considered the effect of a judgment of a justice rendered upon service within and less than the period provided by law, and held such judgment valid and not subject to attack collaterally because of the insufficiency of the service. It follows, therefore, that the judgment of the trial court was erroneous and it is reversed. *Bland, P. J.*, and *Goode, J.*, concur.